IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MILTON L. KIRK, JR.,

    Petitioner,

v.                                                 Case No. 1:15-cv-01101-JDB-egb

BLAIR LEIBACH,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DENYING MOTION FOR APPOINTMENT OF COUNSEL,
DENYING MOTION FOR INSTANTER RULING, AND
DIRECTING RESPONDENT TO RESPOND

On April 30, 2015, Petitioner, Milton L. Kirk, Jr., a prisoner incarcerated at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 ("Petition"), accompanied by a motion seeking leave to proceed *in forma pauperis*.[1] (Pet., ECF No. 1; IFP, ECF No. 2.) The Court granted Petitioner's *in forma pauperis* motion on May 4, 2015. (Order, ECF No. 4.) Now before the Court are Petitioner's motions for appointment of counsel (ECF No. 6) and "Instanter Ruling on Federal Habeas Corpus Petition" (ECF No. 8), and the Petition for initial review.[2]

---

[1] Petitioner's Tennessee Department of Correction prisoner number is 283485.

[2] The current warden at TTCC is Blair Leibach. The Clerk is therefore directed to modify the docket to record Blair Leibach as Respondent and terminate C. Phillip Bivens as a party to this action. *See* Fed. R. Civ. P. 25(d).

I.   Appointment of Counsel and Instanter Ruling

Petitioner moves for the appointment of counsel on the grounds that he is a "layman without funds or proper knowledge of law and legal procedure and form" and that the "facts and details and procedures are much too complicated " for him.  (Mot. Counsel, ECF No. 6.)

A petitioner in a federal habeas corpus proceeding has no Sixth Amendment right to counsel.  *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002).  Nevertheless, under applicable rule, appointment of counsel for an indigent petitioner is mandatory "[i]f an evidentiary hearing is warranted."  Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  Appointment of counsel is also "required . . . where the interests of justice or due process so require."  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citing 18 U.S.C. § 3006A(g)); *see also* 18 U.S.C. § 3006A(a)(2)(B) (where the court determines "that the interests of justice so require, representation may be provided for any financially eligible person who-. . . (B) is seeking relief under section . . . 2254 . . . of title 28").  The determination of whether the interests of justice or due process require the appointment of counsel is left to the sound discretion of the court. *Mira*, 806 F.2d at 638.  Factors to be considered by the court include the legal and factual complexity of the case and the petitioner's "'ability to investigate and present his claims.'" *Thomas v. Morgan*, No. 2:04-cv-02231-JDB-dbv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

Here, appointment of counsel does not appear to be warranted, at least at this early stage of the litigation.  Respondent has not yet filed its response to the Petition, and nothing on the face of the Petition suggests that an evidentiary hearing will be needed.  Moreover, the fact that Petitioner is a "layman" without legal training does not, alone, establish that the interests of justice or due

2

process require appointment of counsel. *See Richmond v. Settles*, 450 F. App'x 448, 450, 452-53 (6th Cir. 2011) (plaintiff's lack of legal training did not warrant appointment of counsel); *Debow v. Bell*, No. 3:10-CV-01003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (petitioner's lack of legal knowledge was "typical to most prisoners" and therefore did not warrant appointment of counsel). The legal issues do not appear to be too complex for Petitioner, whose submissions to date have been articulate and cogent. Petitioner's motion for appointment of counsel (ECF No. 6) is therefore DENIED.

Petitioner's motion for an instanter ruling on his Petition (ECF No. 8) is also DENIED. The request is premature, as the Court must first order Respondent to file the state-court record and respond to the Petition.

II.  Initial Review

The Court has reviewed the Petition and exhibits attached to the Petition. It is hereby ORDERED that Respondent file a response to the Petition within twenty-eight days. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). The response shall include the complete trial and appellate record of Petitioner's original case and any subsequent state petitions for collateral relief. The record shall be organized and appropriately indexed.[3] Distinct parts of the record shall be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

---

[3] Using the event "Index of State Court Record," Respondent shall file a comprehensive index. The index shall include the electronic bookmark references which indicate the location of distinct parts of the record (*e.g.*, plea proceedings, pretrial hearing transcripts, *voir dire*, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The actual record shall be filed as an exhibit(s) to the index.

It is further ORDERED that the Clerk send a copy of the Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4. Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply. The Court will address the merits of the Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

IT IS SO ORDERED, this 19th day of October 2016.

**s/ J. DANIEL BREEN**
CHIEF UNITED STATES DISTRICT JUDGE